UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY PATTERSON,

                Petitioner,                Case No. 1:20-cv-11341
                                                        Thomas L. Ludington

v.

CONNIE HORTON,

                Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO STAY AND HOLD HABEAS PETITION IN ABEYANCE, STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, ADMINISTRATIVELY CLOSING CASE AND DIRECTING SERVICE**

Petitioner Gregory Patterson is a state prisoner in the custody of the Michigan Department of Corrections. On May 1, 2020, Petitioner filed a pro se petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1.

In 2015, Petitioner was found guilty of three counts of first-degree criminal sexual conduct in the Jackson Circuit Court after a jury trial. The trial court granted Petitioner's motion for acquittal notwithstanding the jury's verdict. The prosecutor appealed, and the Michigan Court of Appeals reinstated the guilty verdict. *See People v. Patterson*, 2016 Mich. App. LEXIS 1390 (Mich. Ct. App., July 21, 2016). Petitioner was subsequently sentenced to concurrent terms of 25-40 years imprisonment. Petitioner appealed his sentence, but the Michigan Court of Appeals affirmed the sentence. *People v. Patterson*, 2019 Mich. App. LEXIS 363 (Mich. Ct. App. March 7, 2019). Petitioner's conviction became final 56 days later, when the time for filing an application for leave to appeal in the Michigan Supreme Court expired. Mich. Ct. R. 7.302(C). The one-year

statute of limitations for filing his federal habeas petition was set to expire on or about May 1, 2020. See 28 U.S.C. § 2244(d)(1)(A).

In addition to his habeas petition, Petitioner filed a motion to stay the case so that he could pursue his state court remedies with respect to a new claim that was not presented to the state courts on direct review. ECF No. 3. Petitioner claims that his Sixth Amendment right to a jury drawn from a fair cross-section of the community was violated when there were no African-Americans present on the jury venire. He also asserts that his trial attorney was ineffective for failing to object to the composition of the jury venire.

State prisoners are required to give the state courts an opportunity to act on their claims before they are presented to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invokes one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Because Petitioner appears to have filed his habeas petition with essentially no time remaining on the statute of limitations, dismissing the petition without prejudice on exhaustion grounds would make it nearly impossible for Petitioner to timely file a fully exhausted habeas petition. In such circumstances, the Supreme Court has indicated that a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. See *Rhines v. Weber*, 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

Such a stay is warranted here because it will enable Petitioner to exhaust his state court remedies for all of his claims without fear of violating the statute of limitations. There is no

indication that Petitioner has been engaged in intentional dilatory actions or that his new claims are plainly meritless. The Court will therefore hold the habeas petition in abeyance while he attempts to exhaust his new claims in state court.

Accordingly, it is **ORDERED** that Petitioner's motion to hold his habeas petition in abeyance while he pursues possible state-court remedies (ECF No. 3) is **GRANTED**. This stay is conditioned upon Petitioner fully exhausting his state-court remedies, including, if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law. The stay is further conditioned on Petitioner's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. See, e.g., *Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure). If Petitioner fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. See *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is further **ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Petitioner's claims. See *Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that the Clerk of the Court shall serve a copy of this order on the Michigan Attorney General, Appellate Division.

Dated: June 25, 2020                         s/Thomas L. Ludington  
                                             THOMAS L. LUDINGTON  
                                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Gregory Patterson** #957080, CHIPPEWA CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784 first class U.S. mail on June 25, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager